IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALTON CANNON,<br>a/k/a SHARIF MOZAAR MUSTAFA<br>EL BEY,<br><br>       Plaintiff,<br><br>v.<br><br>NEWS JOURNAL and DENISE K.<br>STYPINSKI,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. Action No. 09-053-GMS<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM

The plaintiff Alton Cannon ("Cannon"),[1] filed this lawsuit on January 23, 2009, alleging employment discrimination, false advertisement, and deliberate indifference. (D.I. 2.) An amended complaint was filed on February 12, 2009. He appears *pro se* and has been granted permission to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

Cannon alleges that the defendant the News Journal ("News Journal") improperly discriminated against him because it refused to hire him based upon his criminal record, engaged in false advertising in claiming itself to be an equal opportunity employer, and was deliberately indifferent due to its actions during a job fair that Cannon attended. Also named as a defendant is Denise K. Stypinski (Stypinski"). In October 2007, Cannon filed a charge of discrimination against the News Journal with the United States Equal Opportunity Commission ("EEOC") and

---

[1]Cannon is undergoing proceedings to legally change his name to Sharif Mozaar Mustafa El Bey. (D.I. 6, ex. Y, Y-1.)

the Delaware Department of Labor ("DOL"). *Cannon v. The News Journal*, 962 A.2d 916, 2008

WL 4918215, at *1 (Del. 2008) (table decision); D.I. 1, ex. C. On December 26, 2007, the DOL

issued Cannon a notice of dismissal and a right to sue letter. (D.I. 1, ex. D.) The right to sue

letter provided that Cannon had to elect to file his employment discrimination case in either the

Delaware Court or a federal forum. (D.I. 1, ex. D.)

Cannon elected to file his case in the Superior Court of the State of Delaware in and for

New Castle County ("Superior Court"). (D.I. 1, exs. H, U, V.) On April 22, 2008, the Superior

Court dismissed the complaint on the grounds that: (1) neither the federal employment

discrimination statute nor the Delaware statute considers a criminal history as a protected class,

and (2) as for negligence, the News Journal had no duty to hire Cannon. (*Id.* at ex. U.) Cannon

appealed the dismissal to the Delaware Supreme Court. On November 18, 2008, the Delaware

Supreme Court affirmed the dismissal, making three distinct findings. *Cannon v. The News

Journal*, 2008 WL 4918215 at *1-2. First, it found that the Delaware Discrimination in

Employment Act ("DEA") governed Cannon's claims of discrimination, and Cannon could not

demonstrate that having a criminal record placed him within a protected class under the DEA.

Hence, the Superior Court did not err in dismissing the discrimination claim. Second, the News

Journal's advertisement that it is an "equal opportunity employer" is not at odds with its refusal

to hire Cannon on the basis of his criminal record. Therefore, the Superior Court did not err in

dismissing the false advertising claim. And third, the News Journal did not breach its duty to

Cannon as an invitee to the News Journal's job fair when a representative made an

announcement that the News Journal would not hire an individual who had been convicted of a

violent crime. The News Journal's only duty was to warn Cannon of any dangerous conditions

-2-

on the property and there was no evidence of a failure to warn of such condition. The Delaware

Supreme Court further determined that the claim was actually a discrimination claim with its

exclusive remedy pursuant to the DEA. Again, the Delaware Supreme Court found that the

Superior Court did not err in dismissing the claim. The Delaware Supreme Court also noted that

Cannon's claim against Stypinski was barred since the DEA does not contemplate liability

against individual employees. *Id.* at n.11; *see* Del. Code. Ann. tit. 19, § 710, *et seq.*

Subsequent to the Delaware Supreme Court's order affirming the Superior Court's

dismissal, Cannon filed suit in this court raising basically the same issues against the same

defendants. He seeks compensatory damages and injunctive relief.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a

complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which

relief may be granted or seeks monetary relief from a defendant immune from such relief. An

action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490

U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §

1915(e)(2)(B) is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau

v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not reported); *Allah v. Seiverling*, 229

F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir.

1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under §

1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them

in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Cannon is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 550 U.S. at 556 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 550 U.S. at 556 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Cannon proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

-4-

## III. DISCUSSION

### A. Rooker-Feldman Doctrine[2]

In essence, the present complaint attacks a decision by the Delaware Supreme Court.

Federal district courts are courts of original jurisdiction and have no authority to review final

judgments of a state court in judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413

(1923). Federal review of a state court's final decision lies only with the United States Supreme

Court. *Id.* The Supreme Court has narrowed the *Rooker-Feldman* doctrine, emphasizing that it

"is confined to cases of the kind from which the doctrine acquired its name: cases brought by

state-court losers complaining of injuries caused by state-court judgments rendered before the

district court proceedings commenced and inviting district court review and rejection of those

judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The

U.S. Court of Appeals for the Third Circuit explains that the *Rooker-Feldman* doctrine is not

applicable when a party complains of an injury "not caused by the state-court judgment but

instead attributable to defendants' alleged . . . violations that preceded the state-court judgment."

*Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir. 2006)

While Cannon  couches his claim as an action brought pursuant to the "'international

court of justice' in support of 'united nations' . . . [the] 'discrimination employment and

---

[2]The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte. Desi's Pizza, Inc. v. City of Wilkes-Barre,* 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.,* 347 F.3d 72, 77 (3d Cir. 2003).

occupation - convention, 1958)', the 'employment policy convention, 1964' related to the 'relevant provisions of the united nations charter'," he also alleges violations of the First, Fifth, Six, Eighth, Ninth, and Tenth Amendments to the U.S. Constitution. (D.I. 1, at 1.) In filing this, almost identical to the State court, complaint, Cannon actually seeks review and rejection of the Delaware Supreme Court's decision affirming dismissal of his Superior Court case. Cannon's claims fall under the purview of the *Rooker-Feldman* doctrine and, therefore, the court cannot exercise jurisdiction over the claim.

### B.  Res Judicata/Collateral Estoppel.

Even if the claims did not fall under the *Rooker-Feldman* doctrine, they are barred by reason of res judicata.[3]  Under the doctrine of res judicata (referred to now as claim preclusion), a judgment in a prior suit involving the same parties, or parties in privity with them, bars a subsequent suit on the same cause of action. *Fairbank's Capital Corp. v. Milligan*, 234 F. App'x 21 (3d Cir. 2007) (not reported).  "Res judicata acts as a bar to relitigation of an adjudicated claim between parties and those in privity with them." *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 392 (3d Cir. 2002) (citing *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999)).  "The rationale is that if the adjudication of an action is binding on parties in privity with the parties formally named in the litigation, then any claims against parties in privity should be brought in the same action lest the door be kept open for subsequent relitigation of the same claims." *Id.* at 392.

---

[3]This court may dismiss, *sua sponte*, claims barred by res judicata or claim preclusion. *See King v. East Lampeter Twp.*, 69 F. App'x 94 (3d Cir. July 2, 2003) (not reported) (appellate court affirmed district court's *sua sponte* dismissal of complaint on grounds of res judicata and collateral estoppel).

Collateral estoppel, also known as issue preclusion, refers to the preclusive effect of a judgment on the merits of an issue that was previously litigated or that could have been litigated. *Fairbank's Capital Corp. v. Milligan*, 234 F. App'x 21 (3d Cir. 2007) (not reported). Issue preclusion occurs "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (quoting Restatement (Second) of Judgments § 27 (1982)).

Cannon asserts that the defendants do not have legal standing to "proclaim a 'collateral estoppel, res judicata, or preclusionary' defense as the Delaware Supreme Court did not issue a final judgment based on the merits of the case (D.I. 6, at 4-5.) He further contends the Delaware Supreme Court's decision was not final because the "'office of discrimination' recklessly and maliciously, fraudulently, and deceitfully issued [] a[n] 'ultra virus statute' under 'DEA' that was disabling, and did not enforce 'criminal conviction' discrimination." (*Id.* at 4.)

Cannon filed this lawsuit against the same defendants on the same theories as those in his state filing. Notably, Delaware law prohibits employment discrimination in terms almost identical to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2. *Schuster v. Derocili*, 775 A.2d 1029, 1033 (Del. 2001). Cannon's complaint was dismissed by the Superior Court for failure to state a claim upon which relief may be granted. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on 12(b)(6) motions, *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not reported), and a "dismissal for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6) is a 'judgment on the merits'" for purposes of res judicata. *Federated Dept.*
*Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981).  Hence, Cannon is barred under the doctrine
of res judicata from relitigating his claims relating to the November 18, 2008 Delaware Supreme
Court order. *See Burlington N. R.R. Co. v. Hyundai Merch. Marine Co.*, 63 F.3d 1227, 1231-32
(3d Cir. 1995).  To the extent Cannon seeks to raise additional claims that could have been raised
in his previous action, those claims are also barred. *See CoreStates Bank, N.A.*, 176 F.3d at 194.

### C. Exhaustion

Alternatively, to the extent that Cannon attempts to raise a Title VII discrimination claim
pursuant to 42 U.S.C. § 2000e-5, he has failed to exhaust his administrative remedies.  The
record does not contain a right to sue letter issued by the EEOC.  Indeed, the Delaware Supreme
Court noted it appeared that the EEOC had not responded to Cannon's complaint. *Cannon*, 2008
WL 4918215, at *1 n.5.

Exhaustion under Title VII requires both consultation with an agency counselor and filing
a formal EEOC complaint within the required time. *Robinson v. Dalton*, 107 F.3d 1018, 1021
(3d Cir. 1977); *see also  Ebbert V. DaimlerChrysler Corp.*, 319 F.3d 103, 115 n.14 (3d Cir.
2003).  The aggrieved person is not permitted to bypass the administrative process. *Ostapowicz*
*v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976) (citations omitted).  The jurisdictional
prerequisites to the filing of a suit under Title VII are the filing of charges with the EEOC and the
receipt of the notice of the right to sue letter. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792,
798-99 (1973); *Ostapowicz*, 541 F.2d at 398; *Tlush v. Manufacturers Res. Ctr.*, 315 F. Supp. 2d
650, 655 (E.D. Pa. 2002) (attainment of a right-to-sue letter from the EEOC is a condition
precedent to filing Title VII and ADA suits). It is clear from the complaint that Cannon has not

yet exhausted his administrative remedies before the EEOC. Regardless of the failure to exhaust, the court finds that the complaint is frivolous and fails to state a claim upon which relief may be granted for essentially the same reasons as those found in the Delaware Supreme Court's November 18, 2008 order.

Because the complaint does not assert the exhaustion of administrative remedies before the EEOC and any potential Title VII claims are frivolous, the court will dismiss the claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

For the above stated reasons the court finds that the complaint is barred by the *Rooker-Feldman* doctrine, res judicata, collateral estoppel and failure to exhaust administrative remedies. The court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2009
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALTON CANNON,<br>a/k/a SHARIF MOZAAR MUSTAFA<br>EL BEY, | )<br>)<br>)<br>) |
|        Plaintiff, | )<br>) |
|      v. | ) Civ. Action No. 09-053-GMS<br>) |
| NEWS JOURNAL and DENISE K.<br>STYPINSKI, | )<br>)<br>) |
|        Defendants. | )<br>) |

**ORDER**

At Wilmington this 25th day of _____ June _____, 2009 for the reasons set forth in the

Memorandum issued this date,

IT IS ORDERED that:

1. The complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B).  Amendment of

the complaint is futile.

2. The clerk of the court is directed to **close** the case.

_____
CHIEF, UNITED STATES DISTRICT JUDGE